## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIREN PATEL,

                Plaintiff,

v.

SHARON K. SMITH, NICOLE
JOHNSON, and SJ SUBS, LLC,

                Defendants.

Civil Action

No.  10-4165

## MEMORANDUM/ORDER

Presently before the court is a motion filed by the defendants on July 29, 2011, for

sanctions against the plaintiff and plaintiff's counsel (Docket No. 17).  The motion,

brought under Rule 11 of the Federal Rules of Civil Procedure, claims that the plaintiff's

counsel failed to conduct reasonable pre-filing investigation into the citizenship of the

parties for jurisdictional purposes.  For the reasons that follow, the motion will be denied.

Plaintiff Hiren Patel commenced this action by filing a complaint in federal court

against Sharon K. Smith, Nicole Johnson, and SJ Subs LLC on August 18, 2010 (Docket

No. 1).  The complaint concerned a soured business transaction in which Smith and

Johnson allegedly agreed to transfer to Patel an exclusive contract to serve as a regional

overseer ("Development Agent") for Subway restaurant franchises in southern New

Jersey.  Transfer of the contract was contingent on Subway's approval, which was denied.

The complaint alleged, in substance, that Patel was induced by Smith and Johnson to pay a non-refundable deposit shortly before Subway denied the proposed transfer.  The complaint further alleged that Patel had been induced by Smith and Johnson to purchase from them (and from SJ Subs LLC, an entity they controlled) several New Jersey Subway franchises in an effort to make himself a more attractive candidate for transfer of the Development Agent contract, and that Smith and Johnson had interfered with Patel's efforts to sell the New Jersey franchises after Subway denied the proposed transfer.

The complaint contained seven claims for relief.  Four counts sounded in state law: conversion; fraud; civil conspiracy; and tortious interference with business relations.  Three counts sounded in federal law: restraint of trade, 15 U.S.C. § 1; civil racketeering (RICO), 18 U.S.C. § 1962(c); and securities fraud, 18 U.S.C. § 1343.

Paragraph five of Patel's complaint asserted that the latter three counts conferred federal-question jurisdiction, 28 U.S.C. § 1331, and that the state-law claims could be heard in pendent or supplemental jurisdiction.  However, the complaint also alleged that jurisdiction was proper based on the diversity of citizenship of the parties and the amount in controversy.  *Id.* § 1332(a).  The citizenship of the parties was not alleged in express terms.  The complaint referred, instead, only to the principal place of business of each of the parties: Patel in Pennsylvania; Smith, Johnson, and SJ Subs LLC in New Jersey.

On October 15, 2010, the defendants moved to dismiss the complaint for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed.

R. Civ. P. 12(b)(6) (Docket No. 4).  Patel opposed that motion on November 1, 2010

(Docket No. 6).  In pertinent part, Patel argued that diversity jurisdiction was proper

because "Patel is from Pennsylvania" and "[t]he Defendants are two individuals and a

limited liability company, each from New Jersey."  Those statements were supported by

citations to paragraphs in the complaint alleging the "principal place of business" of each

of the parties.

      I granted the defendants' motion and dismissed the complaint by order and

accompanying memorandum, dated July 11, 2011 (Docket Nos. 15, 16).  All three federal

claims were dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  Count 3 of

the complaint, asserting a violation of 18 U.S.C. § 1343, was dismissed with prejudice,

since there is no recognized private right of action to recover for violations of § 1343; the

other two federal counts were dismissed without prejudice.  Having dismissed the federal

claims, I declined to exercise supplemental jurisdiction over the remaining state-law

claims.  28 U.S.C. § 1367(c).

      In the memorandum, I also explained that 28 U.S.C. § 1332(a) was not available as

an alternate source of jurisdiction to hear the state-law claims, because the complaint

failed to allege the citizenship of Patel, Smith, or Johnson.  Allegations concerning the

"principal place of business" of a natural person are insufficient.  The citizenship of a

natural person is determined by domicile.  *See, e.g.*, *Walls v. Ahmed*, 832 F. Supp. 940,

942 (E.D. Pa. 1993).  Patel was given leave to amend the complaint to correct the defect.

Patel did not submit an amended federal complaint.  Instead, in a letter dated July

22, 2011, Patel notified the court of the absence of diversity jurisdiction (Docket No. 18,

docketed Aug. 8, 2011).  The letter, from the plaintiff's counsel, Marc A. Zaid, stated:

> I have reviewed Your Honor's Memorandum and Order, each dated July 11,
> 2011, and also conducted additional research into the residence addresses
> for the named individual Defendants.  That research reveals the absence of
> diversity jurisdiction effective as of the date when this case had been
> commenced.
>
> Accordingly, Plaintiff will not be filing an amended complaint in this
> case.  Instead, Plaintiff intends to transfer the matter to the appropriate state
> court forum.  I have communicated with the Office of the Clerk of Court for
> [the] United States District Court for the Eastern District of Pennsylvania
> for guidance to obtain the requisite certified transcript and pleadings in
> order to accomplish such transfer.

No order transferring or remanding the case was ever sought or entered in these federal

proceedings.[1]

On July 29, 2011, the defendants moved for Rule 11 sanctions against both the

plaintiff, Patel, and the plaintiff's counsel, Zaid (Docket No. 17).  The defendants' motion

argues that the complaint's defective jurisdictional allegation could have been avoided

---

[1]Pennsylvania law permits what is considered, under state law, to be a "transfer" of
a case from a federal court in Pennsylvania to a state court in Pennsylvania, after the case
is dismissed from the federal court for want of jurisdiction.  42 Pa. Cons. Stat. Ann.
§ 5103(b); *see also Lafferty v. St. Riel*, 495 F.3d 72, 83 (3d Cir. 2007) (describing the
procedure of § 5103(b) to be akin to "refiling" rather than transferring).  On September
22, 2011, Patel filed a "First Amended Complaint" against Smith and Johnson in the
Court of Common Pleas of Bucks County, Pennsylvania.  That action was removed to this
court by Smith and Johnson on October 24, 2011.  *See Patel v. Smith*, Civ. No. 11-6650
(E.D. Pa. Oct. 24, 2011).  It has not been consolidated with the present action and is not
addressed in this memorandum/order.

had the plaintiff's counsel diligently researched the citizenship of the parties prior to filing the complaint.

The plaintiff filed a response in opposition to the motion for sanctions on August 12, 2011 (Docket No. 19). The response asserts that counsel reasonably believed that defendants Smith and Johnson were domiciled in New Jersey prior to filing the complaint—a belief based, allegedly, on: (1) Patel's experience with Subway Development Agent contracts, which generally required that a Development Agent reside in the region for which the Agent was responsible (which would have been New Jersey, for Smith and Johnson); (2) a copy of Patel's own Development Agent contract for areas in Pennsylvania, which contained such a residency requirement; and (3) counsel's search of public residence information, which showed that multiple individuals with the names "Sharon K. Smith" and "Nicole Johnson" appeared to reside in New Jersey. The response further claims that the complaint was drafted to speak of the defendants' principal places of business because counsel was uncertain which of the New Jersey residence addresses were correct. Finally, the response acknowledges that research after the dismissal of the complaint "indicated that the individual Defendants owned a residential property together in Bucks County, Pennsylvania, and seemed to have owned the Pennsylvania property at the time the Complaint was filed." The response gives no explanation for why this information could not have been discovered prior to the filing of the complaint.

The defendants were permitted to file a further reply in support of sanctions on

September 8, 2011 (Docket No. 22).  The following day, September 9, 2011, the

defendants submitted a "Motion Under Fed. R. Civ. P. 41(b) for Involuntary Dismissal"

(Docket No. 23).  The motion requests dismissal of the state-law claims of the complaint,

as well as conversion of the court's prior dismissal without prejudice of two of the federal

claims into a dismissal with prejudice.  On September 15, 2011, the plaintiff filed a

"Notice of Voluntary Dismissal" (Docket No. 25).  The plaintiff also submitted a

response in opposition to the defendants' motion for involuntary dismissal (Docket No.

26).

     I begin with the issue of sanctions.  Because the defendants challenge both the

legal and factual basis for asserting diversity jurisdiction in the complaint, two provisions

of Rule 11 are implicated.  Rule 11(b) provides in part:

> By presenting to the court a pleading, written motion, or other
> paper—whether by signing, filing, submitting, or later advocating it—an
> attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable
> under the circumstances:
> > . . .
> > (2) the claims, defenses, and other legal contentions are warranted by
> > existing law or by a nonfrivolous argument for extending, modifying, or
> > reversing existing law or for establishing new law;
> > (3) the factual contentions have evidentiary support or, if specifically
> > so identified, will likely have evidentiary support after a reasonable
> > opportunity for further investigation or discovery . . . .

 The procedure for seeking sanctions is set forth in Rule 11(c).  Under the so-called "safe

harbor" provision, the party seeking sanctions must serve a motion for sanctions on the

opposing party under Rule 5, prior to presenting the motion to the court; the opposing

party then has twenty-one days in which the challenged pleading may be "withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(2).

It is doubtful that the safe harbor procedure established by Rule 11(c) was followed in this case. The defendants' motion for sanctions was filed with the court on July 29, 2011, and the motion quotes from the July 22, 2011, letter to the court from plaintiff's counsel. Failure to observe the safe harbor procedure is itself a sufficient reason to deny the motion for sanctions. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008).

It is also difficult to see how the purpose of the Rule 11(c) safe harbor could have been honored under these circumstances. The safe harbor is intended "to give parties the opportunity to correct their errors." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d at 99. By waiting to file the motion for sanctions until after dismissal of the complaint, the defendants failed to afford the plaintiff any opportunity to correct the allegedly sanctionable errors of the complaint. "Given the 'safe harbor' provisions . . . , a party cannot delaying serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention." Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments; *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 727 & n.10 (collecting cases).[2]

---

[2]Indeed, even prior to the 1993 amendments to Rule 11—which established the twenty-one-day safe harbor—it was the law of this circuit that a motion for sanctions must be filed prior the entry of final judgment. *Mary Ann Pensiero, Inc. v. Lingle*, 847

There are, however, two countervailing considerations regarding the timing of the defendants' motion for sanctions.  First, the plaintiff has not objected to the possible failure to honor the Rule 11(c) safe harbor.  *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (holding that safe harbor provisions of Rule 11(c) may be waived).  Second, one motivation for the motion for sanctions appears to have been the letter from plaintiff's counsel dated July 22, 2011—*i.e.*, after dismissal of the complaint.  The July 22 letter could be read to imply that the citizenship of the parties could have been discovered in the exercise of reasonable pre-complaint diligence, and thus it might serve to explain the post-dismissal timing of the defendants' motion for sanctions.  Therefore, notwithstanding my doubts concerning compliance with Rule 11(c), I will address the merits of the request for sanctions.

On the merits, I find no conduct in the record that would justify the imposition of Rule 11 sanctions.  Sanctions are to be imposed sparingly.  *See, e.g.*, *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) ("We have emphasized that Rule 11 targets abuse, making sanctions appropriate only if the filing of the complaint constituted abusive litigation or misuse of the court's process." (internal quotation marks omitted)).  The mistakes in the jurisdictional allegations of the complaint—judged, as they must be, objectively and without the "wisdom of hindsight," *CTC Imps. & Exps. v. Nigerian*

---

F.2d 90, 99-100 (3d Cir. 1988); *cf. In re Schaefer Salt Recovery, Inc.*, 542 F.3d at 99 & n.5 (noting that the *Pensiero* rule has been applied even after 1993 amendments).

8

*Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir. 1991) (quoting Fed. R. Civ. P. 11 Advisory

Committee Notes to 1983 Amendments)—are not sanctionable.  Under the circumstances

as represented by the plaintiff's counsel, it was not unreasonable to think that the

defendants were citizens of New Jersey.  Counsel's reasonable belief to that effect was

based on the client's experience with Development Agent contracts, the Pennsylvania

Development Agent contract, and the multiple possible New Jersey addresses for persons

named Sharon Smith and Nicole Johnson.  *Cf. Mary Ann Pensiero, Inc.*, 847 F.3d at 95

(noting that "necessity for reliance on a client for the underlying factual information" may

be considered in determining reasonableness of an attorney's pre-filing inquiry).  The pre-

filing investigation conducted by the plaintiff's counsel does not warrant sanctions.

The defendants, particularly in their reply memorandum, emphasize the putative

legal error committed by plaintiff's counsel in pleading the "principal place of business"

of the parties, rather than the parties' domicile.  A complaint that relies on diversity

jurisdiction but that fails to plead the domicile of the parties is rightly subject to dismissal,

not sanctions.  That is particularly true in the context of this case, where the plaintiff

relied on diversity jurisdiction only as an alternative to federal-question jurisdiction.[3]

Given the plaintiff's belt-and-suspenders approach, the complaint's claims would have

---

[3]The plaintiff's complaint successfully invoked the latter.  Dismissal of the three
counts of the complaint which sounded in federal law was itself an exercise of this court's
federal-question jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[I]t is well
settled that the failure to state a proper cause of action calls for a judgment on the merits
and not for a dismissal for want of jurisdiction.").

9

been properly before the court even without the defective allegations of citizenship.

My conclusion that sanctions are not appropriate is bolstered by a review of cases in which sanctions were awarded for defects in the complaint regarding diversity jurisdiction.  For example, in *Hussey Copper, Ltd. v. Oxford Financial Group*, the plaintiff was sanctioned for alleging that the parties were diverse, when in fact the defendant partnership had members who were domiciled in the same state as the plaintiff. 121 F.R.D. 252, 253 (W.D. Pa. 1987).  But in that case, a member of the law firm representing the plaintiff was himself one of the non-diverse partners in the defendant entity—a circumstance that strongly bespoke "the lack of a good faith investigation and reasonable inquiry" concerning diversity jurisdiction.  *Id.* at 254; *see also Clark v. State Farm Ins. Co.*, Civ. No. 89-977, 1990 WL 139382, at *3 (E.D. Pa. Sept. 20, 1990) (awarding Rule 11 sanctions where plaintiff submitted an amended complaint that failed to allege the proper amount in controversy, after already being on notice of the problem). No such glaring circumstances are present here.

Finally, I turn to the defendants' pending motion for involuntary dismissal and the plaintiff's "Notice of Voluntary Dismissal."  Both submissions invoke Rule 41.  Rule 41(a) governs the circumstances in which a plaintiff may voluntary dismiss an action; Rule 41(b) governs the circumstances in which an action may be dismissed for a plaintiff's failure to prosecute or for misconduct.  It is a necessary predicate to the invocation of either Rule 41(a) or Rule 41(b) that there be a pending "action" or "claim"

to be dismissed.  All of the plaintiff's claims in this case were dismissed pursuant to Rule

12 by the order dated July 11, 2011.  As described above, the dismissal of some of the

claims was without prejudice to the filing of an amended complaint, but the plaintiff has

never filed such an amended complaint.  No claims are pending between the parties in

this matter.  Accordingly, the defendants' motion for involuntary dismissal will be

dismissed as moot.  The plaintiff's "Notice of Voluntary Dismissal" was and is a nullity.

The dismissal of all claims was already effectuated by the order of July 11, 2011.

* * * * *

**AND NOW**, this 26th day of March, 2012, upon consideration of the defendants'

July 29, 2011, motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil

Procedure (Docket No. 17) and the response and reply thereto, it is hereby **ORDERED**

that the motion is **DENIED**.

Further, upon consideration of the defendants' September 9, 2011, motion for

involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure (Docket

No. 23) and the response thereto, it is hereby **ORDERED** that the motion is

**DISMISSED** as moot.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.

11